IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| FORAGE GENETICS INTERNATIONAL, LLC, | § § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-243-Z-BR |
| KELLY GREEN MEXICANA, INC., | § § § | |
| Defendant. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS**

On June 17, 2019, the United States Magistrate Judge entered findings and conclusions on Plaintiff's Motion for Summary Judgment (ECF 32). The Magistrate Judge RECOMMENDS that Plaintiff's motion be GRANTED in part and DENIED in part. Defendant filed objections to the findings, conclusions, and recommendation on July 1, 2019 (ECF 47), to which Plaintiff responded on July 9, 2019 (ECF 49). After making an independent review of the pleadings, files, and records in this case, the findings, conclusions, and recommendation of the Magistrate Judge, Defendant's objections, and Plaintiff's response, the Court concludes that the findings and conclusions are correct. The Court addresses Defendant's objections in the following analysis.

Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and will not defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993)). To state a claim for breach of warranty under Texas Business and Commercial Code § 2.714, a buyer must establish, *inter alia*, that the failure of a seller's goods to comply with the seller's affirmation or promise proximately caused financial injury to the buyer.

See *Beauty Mfg. Sols. Corp. v. Ashland, Inc.*, 848 F. Supp. 2d 663, 671 (N.D. Tex. 2012) (citing *Lindemann v. Eli Lilly and Company*, 816 F.2d 199, 202 (5th Cir. 1987)). Similarly, to establish a breach of contract claim, a party must establish, *inter alia*, that there were damages sustained by the party as a result of the breach. *See Beauty Mfg. Sols.*, 848 F. Supp. 2d at 667 (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009)). Here, Defendant has not presented any competent summary judgment evidence that Plaintiff's conduct was a cause of financial injury to Defendant, let alone a proximate cause. Hence, Defendant did not suffer the harms required for a breach of warranty or a breach of contract claim.

It is therefore ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge (ECF 44) are ADOPTED. Plaintiff's Motion for Summary Judgment (ECF 32) is GRANTED in part and DENIED in part.

**SO ORDERED.**

SIGNED October 9, 2019.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE